DAVIS v. LAWSON.

Opinion delivered June 8, 1925.

MUNICIPAL CORPORATION—VOID IMPROVEMENT DISTRICT—CONTRACTS.—
A special improvement district within a city, declared on direct
attack to be void *ab initio* for failure of a majority of taxpayers
to sign the petition for the improvement, *held* not to be a *de facto*
district, and all obligations entered into by it were nullities.

Appeal from Pulaski Circuit Court, Third Division;
*Marvin Harris,* Judge; affirmed.

*Melbourne M. Martin,* for appellant.

*J. C. Marshall,* for appellee.

HUMPHREYS, J. This suit was brought by appellants
against appellees in the circuit court of Pulaski County,
third division, for mandamus to enforce a levee and
collection of assessments on property in Street District
No. 350 in Little Rock, to pay fees for services rendered
the district under employment of its commissioners, evi-
denced by certificates of indebtedness issued to them by
said commissioners. Payment of the certificates was
resisted on account of the invalidity of the district *ab
initio*. The complaint alleged that after the organization
of the district and within the thirty day limitation pre-
scribed by law, a suit was filed in the Pulaski Chancery
Court by certain property owners challenging the valid-
ity of the district, which was sustained on the ground
that a majority in value of the owners of real property
within the district had not signed the second petition,
praying that the improvement be made; that, until the
filing of said suit, no one had questioned the validity of
the district nor the authority of the commissioners to
employ appellants; that said commissioners in good faith
employed appellants, and appellants in good faith per-
formed the necessary services for said district before
the institution of the suit attacking the validity thereof,
for which certificates of indebtedness were issued to
them.

A demurrer was filed to the complaint by appellees
upon the ground that the facts stated in the complaint

were insufficient to constitute a cause of action, which demurrer was sustained by the court.

There being no dispute as to the facts, the complaint was dismissed, from which dismissal an appeal has been duly prosecuted to this court.

The only question arising out of the pleadings for determination by this court is whether a special improvement district within the limits of a city, declared, on direct attack, void *ab initio,* had a *de facto* existence before the suit was brought so as to enter into binding obligations. Under our Constitution, no power or authority is vested in municipal councils to make assessments for local improvements without the consent of a majority in value of the owners of real property in the improvement district. This court said in the case of *Improvement District No. 1 of Clarendon* v. *St. Louis Southwestern Ry. Co.,* 99 Ark. 508 that "The fact that the requisite number of property owners has consented to the formation of a local improvement district is jurisdictional, and is in the nature of a condition precedent to the exercise of such power by the municipal council, and without such consent first obtained all proceedings therefor are null and void." This court has also said in two cases, quoting from *Schumm* v. *Seymour,* 24 N. J. Eq. 144: "It is a general and fundamental principle of law that all persons contracting with a municipal corporation must at their peril inquire into the power of the corporation or its officers to make the contract. *Newport* v. *Railway Company,* 58 Ark. 275; *Watkins* v. *Griffith,* 59 Ark. 357.

Appellant relies upon the cases of *Whipple* v. *Tuxworth,* 81 Ark. 391 and *Street Grading District No. 60* v. *Hagadorn,* 186 Fed. 456, in support of his contention that the district in question had a *de facto* existence, so that it might enter into binding contracts. Neither case is in point. In the Whipple case, the chancery court ruled that it was valid, from which no appeal was taken. The court ruled that it was a *de facto* district from that date until it was declared to be a void district by the Supreme

Court. In the Hagadorn case, the only question passed upon was whether the court had jurisdiction to appoint a receiver.

The district in question never was a *de facto* district, and all proceedings had and done with reference thereto were nullities.

No error appearing, the judgment is affirmed.